**Walter L. STITZ**

v.

**BETHLEHEM STEEL CORPORATION.**

**Civ. No. Y–86–2183.**

United States District Court,
D. Maryland.

Jan. 7, 1987.

---

George B. Levasseur, Jr., and Jeffrey N. Pritzker, Towson, Md., counsel for plaintiff.

Robert B. Green, and G. Stewart Webb, Jr., Baltimore, Md., counsel for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Defendant Bethlehem Steel Corporation has filed a motion to disqualify plaintiff's counsel, George B. Levasseur and the law firm of Margolis, Pritzker & Epstein, P.A., because of Levasseur's former employment by Bethlehem as an attorney and labor relations representative. Bethlehem contends that while Levasseur was its employee, he was exposed to corporate policies and procedures that are confidential and that might be relevant to his representation of Walter Stitz in the underlying age discrimination suit. It argues that continued representation would violate Canons 4 and 9 of the Maryland Code of Professional Responsibility as adopted by this Court. Levasseur contends that he never worked

on matters concerning salaried exempt employees and that he never had access to confidential policies and procedures applicable to salaried exempt personnel. Stitz was a salaried exempt employee.

Levasseur's affidavit states that he was defendant's employee for more than 10 years, from November, 1974, to June, 1985. He was employed as a corporate labor attorney until mid–1983, when Bethlehem's Industrial Relations Department was eliminated, and thereafter was a labor relations representative. The parties disagree about the extent of Levasseur's legal work after 1983, but it is undisputed that he represented Bethlehem in worker's compensation cases and was involved in negotiating collective bargaining agreements, union representation campaigns, and some force reductions between 1983 and 1985, when he left Bethlehem Steel. The last eighteen months of his employment were at Bethlehem Steel's Sparrows Point Plant. After leaving Bethlehem, Levasseur apparently entered private practice and filed this action for plaintiff on July 8, 1986, slightly more than a year after his departure. He associated Margolis, Pritzker & Epstein, P.A. as co-counsel.

In a memorandum in support of its motion and in an affidavit by Kenneth R. Franchese, General Manager of Steel Union Relations, Bethlehem contends that in the course of his work Levasseur was required to remain knowledgeable about its personnel policies and procedures. Moreover, it asserts that "[h]is advice and counsel were sought repeatedly by the Manager and other members of the Human Resources Department staff concerning a wide variety of personnel matters, usually of a confidential nature." Franchese affidavit at 3. Bethlehem concedes that Levasseur did not have any direct involvement in the termination of Stitz, who was also employed at Sparrows Point.

Levasseur draws a distinction between the kind of work he did for Bethlehem and the kind of work he is now doing for Stitz. He argues that he was responsible only for matters concerning hourly and salaried non-exempt employees and never represented Bethlehem in matters involving salaried exempt employees like Stitz. Further, he asserts that he was never involved in confidential meetings or conversations about salaried exempt personnel because "[a]ll such matters fell within the baliwick of others." Levasseur affidavit at 3.

■■■ The Court of Appeals in this circuit has held:

> In determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances with "hair-splitting nicety," but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing "the appearance of impropriety," it is to resolve all doubts in favor of disqualification.

*United States v. Clarkson,* 567 F.2d 270, 273 n. 3. (4th Cir.1977). The parties agree that the proper standard for disqualification is the "substantial relationship" test, which provides that an attorney may not represent a client in litigation against a former client if the subject matter of the litigation is substantially related to work he or she did for a former client. *See Trone v. Smith,* 621 F.2d 994, 998 (9th Cir.1980); *Gas-A-Tron of Arizona v. Union Oil Co. of California,* 534 F.2d 1322, 1325 (9th Cir.), *cert. denied,* 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976) (cited in *United States v. Clarkson, supra* ). If there is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation, a substantial relation between the two cases is presumed. *See Trone,* 621 F.2d 994, 998.

■■ In this case, Levasseur urges a narrow reading of the "substantial relationship" test and a finding that because his work for Bethlehem concerned only hourly and salaried non-exempt employees, he may represent salaried exempt employees in suits against his former employer. Bethlehem argues for a broader reading recognizing that Levasseur's work as its employee and his current representation of Stitz involve disputes between Bethlehem Steel and its employees and of necessity

raise issues about Bethlehem's personnel policies and procedures.

In light of the Court of Appeals' ruling in *Clarkson,* and in view of the admonition in Canon 9 of the Maryland Code of Professional Responsibility that lawyers should avoid even the appearance of impropriety, this Court will adopt the broader view. Levasseur's work as a labor attorney and labor relations representative concerned a variety of matters involving Bethlehem employees, including reductions in force and grievance proceedings, which are substantially related to the instant case. Moreover, it is obvious that his work made him familiar with Bethlehem's personnel policies and procedures, and that familiarity could be used to Bethlehem's disadvantage in Stitz' suit. This probability is heightened by the fact that Levasseur spent approximately nine years, from November, 1974 to mid–1983, as an attorney with the corporation's Industrial Relations Department with responsibilities in labor and employment law. During that time, it is apparent that Levasseur became familiar with Bethlehem's personnel policies through contact with other Bethlehem attorneys in his department if not through his own work. Therefore, consistent with *Clarkson*'s holding that all doubts are to be resolved in favor of disqualification, Levasseur will be disqualified from further participation in this lawsuit.

▮ Bethlehem has also moved for the disqualification of Margolis, Pritzker & Epstein because of the presumption that attorneys within the same firm are presumed to share the confidences of clients. In a similar case discussed in memoranda by both parties, *NCK Organization Ltd. v. Bregman,* 542 F.2d 128 (2d Cir.1976), the Second Circuit disqualified both an attorney and the law firm which he had associated as his co-counsel. The court held that an "unrelated" law firm must be disqualified when there is some evidence of the possibility that the tainted lawyer, either consciously or unconsciously, transmitted some confidence to a previously untainted firm. *Id.* at 134.

▮ Here, only the barest possibility exists that Margolis, Pritzker & Epstein received confidential information from Levasseur. Levasseur states in his affidavit that he has met with Margolis, Pritzker lawyers only once for a period of an hour and a half. It is unlikely that the type of information about Bethlehem policies and procedures that Levasseur would have acquired as Bethlehem's employee would be discussed at such a meeting. The complaint and the plaintiff's interrogatories that have been made part of the record in connection with Bethlehem's motion to disqualify do not reflect such information. Accordingly, absent some evidence that Levasseur transmitted confidential information to Margolis, Pritzker, Bethlehem's motion to disqualify that firm will be denied.

Obviously, the disqualification of Levasseur from further participation in this case prevents him from discussing any of the issues with counsel for Stitz or revealing in any manner any of the confidential information which was made available to him while employed by Bethlehem.

No hearing on defendant's motion is necessary under Local Rule 6.

### ORDER

In accordance with the attached Memorandum, it is this 7th day of January 1987, by the United States District Court for the District of Maryland, ORDERED:

1. That the defendant's motion to disqualify George Levasseur as counsel for the plaintiff BE, and the same IS, hereby GRANTED;

2. That George Levasseur is directed to have no further involvement in this case in any capacity; and

3. That a copy of this Memorandum and Order be mailed to the parties.