PARK–N–SHOP, LTD., an Illinois Domestic Corporation, Carey Yelton and Anastacio Montoya, Plaintiffs,

v.

CITY OF HIGHWOOD, an Illinois Municipal Corporation and John Sirotti, Mayor of the City of Highwood, Illinois, in his official capacity as Liquor Commissioner, Defendants.

No. 94 C 4007.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 4, 1994.

Joseph Dennis Obenberger, Chicago, IL, for plaintiffs.

Brian Cormack Donegan, Paul Peter Diambri, Michael J. Caravello, Scott Patrick Williams, Valerie C. Faltemier, Diambri & Caravello, Highwood, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Presently before the court is defendants' motion to disqualify Joe Obenberger

as plaintiffs' attorney. Defendants raise essentially three related grounds in support of their motion. First, they argue that Obenberger's participation in this case violates Rule 1.11(a) of the Illinois Rules of Professional Conduct. In relevant part, that rule provides:

[A] lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee. . . .

It is undisputed that Obenberger was not a member of the Highwood City Council in the mid–1980s, when the City Council amended the liquor ordinance to provide for an initial fee of $10,000, followed by an annual renewal fee of approximately $2,000.[1] It is also undisputed that Obenberger was not a member of the Highwood City Council in 1994, when the City published the liquor ordinance that is the subject of the present lawsuit. Indeed, the only connection between Obenberger's service as a Highwood alderman and this lawsuit is that Obenberger sat on the City Council when Mayor Fidel Ghini, as Liquor Commissioner, issued plaintiff Park–N–Shop its license. Defendants suggest that this connection is sufficient to establish Obenberger's "participation" because Ghini has submitted an affidavit stating that, when he articulated to licensees the "understanding" that they were entitled to automatic renewal, he did so with the knowledge and permission of the City Council. As noted above, however, Rule 1.11(a) only applies where the participation is *personal* and *substantial*. Even if defendants' non-specific argument about Obenberger were enough to support a claim that he participated in the granting of Park–N–Shop's license, with the accompanying assurance of annual renewal, such participation is, at best, tangential. Obenberger played no role in establishing the renewal policy, in drafting or passing the legislation setting the fees, or in ultimately eliminating that legislation. Furthermore, defendants do not, and presumably can not, assert that the issuing of a license to Park–N–Shop specifically was ever the subject of formal, or even informal,

debate or discussion among members of the City Council. As a result, we simply can not conclude that Obenberger's "participation" in the granting of Park–N–Shop's license was either personal or substantial. Accordingly, defendants' argument based on Rule 1.11(a) must fail.

■ The same is true of defendants' argument based on Rule 3.7 of the Rules of Professional Conduct of the United States District Court for the Northern District of Illinois, which prohibits a lawyer from serving where he may be called as a witness on his client's behalf. Defendants suggest that, because of the aforementioned involvement, Obenberger will be called as a witness to testify as to the alleged "renewal" policy. In support, defendants argue that "this is not a situation where Attorney Obenberger is one of many aldermen available to testify," noting that two aldermen from the relevant period have passed away, and unidentified others have moved away. However, the most relevant time period with respect to the policy at issue is the mid–1980s, when the liquor ordinance was changed and the alleged policy was formulated. As discussed above, Obenberger was not an alderman at that time, and thus could not provide any relevant testimony regarding the development or initiation of that policy. Likewise, Obenberger can provide no testimony about the decision to change the number of Class 3 licenses available. In any event, plaintiffs have identified no less than four individuals in the vicinity of Highwood who sat on the Highwood City Council at the relevant time, and can therefore be called upon to testify. Accordingly, defendants' assertion that Obenberger will certainly be called as a witness is simply unconvincing.

Furthermore, Rule 3.7 only relates to lawyers who would be called *on their clients' behalf.* Obenberger has informed this court that his clients are aware of his former political affiliation, and of the prohibition of Rule 3.7, and will not call Obenberger on his behalf. Defendants, in turn, can not seriously

---

1. According to the complaint, these amendments were passed with the understanding that any business that obtained a license would be entitled to annual renewal, subject to termination only for cause.

84

suggest that *they* would call Obenberger to testify on *plaintiffs'* behalf. As a result, it is apparent that Rule 3.7 is not implicated in the present action.

■ Finally, defendants suggest that Obenberger should be disqualified because he could take advantage of confidential information he learned while an alderman. In support, they point to *Stitz v. Bethlehem Steel Corp.,* 650 F.Supp. 914 (D.Md.1987), in which an attorney who had worked for Bethlehem Steel as a labor attorney, and then entered private practice, was disqualified from representing an individual in an age discrimination suit against the company.[2] *Stitz* involved the analog of Rule 1.9 of the Rules of Professional Conduct of this court, which relates to conflicts of interest with former clients. Attempted application of that rule, however, poses at least two problems for defendants in the present action. First, the rule presumes that the challenged individual was the former client's attorney. Although Obenberger offered the council his legal advice while sitting as an alderman, and on one occasion oversaw settlement negotiations with the city's attorneys, it is undisputed that Obenberger was never appointed as an attorney for the city, never appeared on behalf of the city, and never received any compensation for his law-related comments or assistance. Accordingly, we can not conclude that Obenberger acted as an attorney for the city.

In addition, both the rule in *Stitz* and Rule 1.9 apply only where the matters at issue are "substantially related." Defendants make no showing whatsoever on this point. Their recitation of Obenberger's legal input during his tenure as alderman does not include any matter even remotely related to the present lawsuit. As a result, even if Obenberger's

activities amount to legal representation of the city, defendants have failed to demonstrate that such representation was on a mater "substantially related" to the ordinances at issue. Because the discussion in *Stitz* focuses solely upon this issue, it is simply inapposite to the present case.[3]

■ It is well established that disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Donohoe v. Consolidated Operating & Prod. Corp.,* 691 F.Supp. 109, 118 (N.D.Ill.1988) (citations omitted). Because defendants have failed to identify any basis for Obenberger's disqualification, their motion must be denied. It is so ordered.

---

2. Defendants also rely upon *Ullrich v. Hearst Corp.,* 809 F.Supp. 229 (S.D.N.Y.1992). Defendants' attempted application of that case, however, suffers the same obstacles as *Stitz.* Accordingly, the following discussion applies equally to both cases.

3. In any event, any information which Obenberger might have regarding the various players involved in this case arose not out of City Council meetings, which are subject to the Illinois Open Meetings Act, 5 ILCS 120/2, but out of Obenber-

ger's personal relationships with his fellow Council members. These are simply not the types of confidences protected by the Rules of Professional Conduct. *See, e.g.,* Illinois Rule of Professional Conduct 1.11(b) (barring a former public officer with "confidential *government* information about a person" from representing a private client with interests adverse to that person, where confidential information could be used) (emphasis added).