**BLUMENTHAL POWER CO., INC., Plaintiff,**

v.

**BROWNING–FERRIS, INC., Defendant.**

**Civ. No. AMD 94–2612.**

United States District Court,
D. Maryland.

Oct. 25, 1995.

means of dispute resolution." *Mitsubishi,* 473 U.S. at 626–27, 105 S.Ct. at 3353–54.

**1.** Rule 1.9 provides as follows:

William D. Evans, Jr., Rich & Henderson, P.C., Annapolis, MD, for plaintiff.

Russell J. Pope, Treanor, Pope & Hughes, Towson, MD, Samuel B. Boxerman, Sidley & Austin, Washington, DC, for defendant.

### ORDER

DAVIS, District Judge.

Plaintiff's claims in this case arise out of defendant's alleged breach of an agreement between the parties in settlement of an earlier lawsuit relating to defendant's operation of a landfill. Defendant has moved to disqualify one of plaintiff's counsel ("Wurzbacher") on the ground that Wurzbacher's participation in this case violates Maryland Rule of Professional Conduct 1.9, made applicable in this Court by Local Rule 704 (D.Md.1995). *See* Md.Rule 1230.[1] The motion shall be denied.

A lawyer who has formerly represented a client in a matter shall not thereafter:

Wurzbacher was admitted to practice in 1991. From 1991 through 1995, as an associate at a Washington, D.C., firm, she worked under the supervision of several lawyers representing defendant's corporate parent on environmental litigation matters. On at least one matter, she represented the defendant in this case, a Maryland subsidiary of Browing–Ferris Industries. She recently left her prior firm and became employed by the firm representing plaintiff, prompting the pending motion to disqualify.

■ It is undisputed that Wurzbacher did not represent defendant or any affiliated corporation in any matter that is factually related to the instant litigation. Defendant's motion is based upon an affidavit of Donna Kolar, Esq., an Assistant General Counsel in the Houston, Texas, office of an affiliate of the defendant. In essence, Kolar's affidavit indicates that Wurzbacher was highly regarded by Kolar, during their earlier contacts, as an attorney of significant talents and ability, and that Kolar shared confidences with Wurzbacher regarding, *inter alia,* "overall corporate philosophy and strategy ... in litigation matters", settlement strategies, and the like. Kolar sought to "groom" Wurzbacher to become a "key player on Browning–Ferris matters."

Relying on language from *United States v. Clarkson,* 567 F.2d 270, 273 n. 3 (4th Cir. 1977); *W.R. Grace & Co. v. Gracecare, Inc.,* 152 F.R.D. 61 (D.Md.1993); and *Stitz v. Bethlehem Steel Corp.,* 650 F.Supp. 914 (D.Md.1987), defendant contends that in a close case of this sort, the Court should err on the side of disqualification. Only in this fashion, according to the defendant, will the Court vindicate legitimate professional and judicial concerns in avoiding even the appearance of an improper conflict of interest by an attorney. Although I warmly embrace the abstract principle thus espoused by the defendant, I disagree with the suggestion that it has application to this case.

■ The Kolar affidavit falls far short of the required showing to make the issue of disqualification in this case even a "close call." Plaintiff correctly argues that the test for disqualification is the "substantial relationship" test. *Trone v. Smith,* 621 F.2d 994, 998 (9th Cir.1980). Although it is true that an important interest served by the rule of disqualification is the protection of client confidences, which may justify in some circumstances a presumption of disqualification, *id.,* nevertheless, the "substantial relationship" test focuses upon the factual nexus between the earlier representation and the present, adverse representation. *Id.* ("Substantiality is present if the *factual contexts of the two representations are similar or related*"); *and see id.* at 1001 ("Because of the sensitivity of client confidence and the profession's institutional need to avoid even the appearance of a breach of confidence, disqualification is required when lawyers change sides in *factually related cases.*") (emphases supplied)

I am satisfied here that the Kolar affidavit's generalized assertion that confidences were shared with Wurzbacher, coupled with the global character of those alleged confidences, is insufficient to require Wurzbacher's disqualification, or even to shift the burden of coming forward to rebut a presumption of disqualification. *See id.* at 998 n. 3. It must be recalled that, under Rule 1.9(a), "a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the former client." Rule 1.9, Maryland Rules of Professional Conduct, Comment. All of the cases relied upon by defendant are easily distinguishable from the circumstances presented in the instant case. I am satisfied beyond question of Wurzbacher's full understanding of the ethical requirement of confidentiality and that she will scrupulously comply with her ethical obligations in respect to her prior

(a) represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

representation of defendant's affiliates. *See* Rule 1.9(b), *supra* n. 1. Although disqualification is undeniably an important tool to the judiciary, it should not be ordered indiscriminately or unwisely as a salve to a former client's genuine, but unreasonable, discomfort over imagined consequences attendant to the transformation of a former litigation friend into a litigation foe. Accordingly, the motion to disqualify is this 23rd day of October, 1995, DENIED.

THE CLERK SHALL MAIL COPIES OF THIS ORDER TO COUNSEL OF RECORD.