**Jeffrey R. KELLY, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–829.**

United States Court of Veterans Appeals.

April 1, 1996.

Craig M. Kabatchnick, Washington, DC, was on the pleadings, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and David W. Engel, Deputy Assistant General Counsel, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

FARLEY, Judge:

The threshold matter before the Court is whether counsel for the appellant, Craig M. Kabatchnick, must be disqualified from representing the appellant based on a conflict of interest due to Mr. Kabatchnick's initial appearance in this case on behalf of the appellee.

### I.

On October 27, 1994, in response to a September 27, 1994, Notice of Docketing by the Clerk of the Court, the Secretary filed a motion for an extension of time until November 28, 1994, within which to transmit a copy of the Board of Veterans' Appeals (BVA) decision. On November 25, 1994, the Secretary filed with the Court and served upon the appellant a document entitled Transmittal of Board of Veterans' Appeals Decision. Both

of these pleadings were signed by Mr. Kabatchnick, then an Associate Special Assistant to the Assistant General Counsel.

Eight months later, on May 26, 1995, Mr. Kabatchnick filed a Notice of Appearance on behalf of the appellant. He then filed four motions for extensions of time in which to file a pleading, all of which were granted, the last extension expiring on October 29, 1995. On November 1, 1995, he filed a counter designation of record and a motion for a stay until November 29, 1995. On November 2, 1995, he filed motions for leave to file the counter designation and the motion for a stay out of time. Because the Court had become aware of the possible conflict of interest, it withheld action on these motions, and on December 11, 1995, the Court ordered the parties to file memoranda addressing whether the Court must order Mr. Kabatchnick's disqualification. The Court cited to three potentially applicable provisions, two Model Rules and a federal statute. MODEL RULE 1.9(a) of the MODEL RULES OF PROFESSIONAL CONDUCT provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

See U.S. Vet.App.R.Admis. & Prac. 1(b) (adopting MODEL RULES OF PROFESSIONAL CONDUCT promulgated by House of Delegates of the American Bar Association on August 2, 1983, as amended by that organization). MODEL RULE 1.11(a) provides, in pertinent part:

> Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation.

Section 207(a)(1) of title 18, U.S.Code, provides in pertinent part:

> **(1) Permanent restrictions on representation on particular matters.**—Any person who is an officer or employee ... of the executive branch of the United States ..., and who, after the termination of his or her service or employment with the United States ... knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States ..., on behalf of any other person (except the United States ... ) in connection with a particular matter—
>
> **(A)** in which the United States ... is a party or has a direct and substantial interest,
>
> **(B)** in which the person participated personally and substantially as such officer or employee, and
>
> **(C)** which involved a specific party or specific parties at the time of such participation,
>
> shall be punished as provided in section 216 of this title.

See also 5 C.F.R. § 2637.201(a) (1995).

In his memorandum responding to the Court's December 11, 1995, order, Mr. Kabatchnick describes the procedures he followed in (1) filing the motion for an extension of time in which to transmit a copy of the BVA decision, and (2) transmitting the BVA decision itself as follows:

> Counsel verified the veteran's name, address, VA file number, and [Court of Veterans Appeals] docket number **merely through the computer**. Counsel did not review the veteran's claims folder nor did counsel have any contact, concerning the *Kelly* case, with ... the appellate attorney assigned to handle the case at that time. Counsel had absolutely no review authority over [that attorney's] work product, nor did counsel ever discuss case strategy with her concerning this case.

Appellant's Memorandum (Mem.) at 4. In his response, the Secretary does not contest this characterization of Mr. Kabatchnick's activities. Thus, the Court finds that Mr. Kabatchnick's involvement in this appeal prior to his representation of the appellant was limited to reviewing, signing, and filing the motion on behalf of the Secretary for an extension of time to transmit the BVA deci-

sion and the transmittal itself, both of which were prepared by paralegals.

## II.

In a sworn declaration filed on behalf of Mr. Kabatchnick, Charles W. Wolfram, the Charles Frank Reavis, Sr., Professor of Law at Cornell University, opined that MODEL RULE 1.11(a) does not bar Mr. Kabatchnick from representing the appellant because his involvement in this matter "falls short of the 'participated personally and substantially' standard of Rule 1.11(a)." Wolfram Declaration (Decl.) at 5. The Secretary agrees that Mr. Kabatchnick's representation of the appellant does not appear to violate MODEL RULE 1.11(a) or 18 U.S.C. § 207(a). Secretary's Mem. at 6–7.

Regarding the meaning of "personally and substantially" as used in 18 U.S.C. § 207(a), 5 C.F.R. § 2637.201(d) provides in pertinent part:

> To participate "personally" means directly.... "Substantially," means that the employee's involvement must be of significance to the matter, or form a basis for a reasonable appearance of such significance. It requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. A finding of substantiality should be based not only on the effort devoted to a matter, but on the importance of the effort. While a series of peripheral involvements may be insubstantial, the single act of approving or participation in a critical step may be substantial.

While the comments following MODEL RULE 1.11(a) do not address the meaning of "substantially," an opinion of the ABA Committee on Ethics and Professional Responsibility described the analogous provision in the older MODEL CODE OF PROFESSIONAL RESPONSIBILITY (1980), which prohibits a former government attorney from accepting "private employment in a matter in which he had *substantial responsibility* while he was a public employee," DR 9–101(B) (emphasis added), as follows:

> "[S]ubstantial responsibility" envisages a much closer and more direct relationship than that of a mere perfunctory approval or disapproval of the matter in question. It contemplates a responsibility requiring the official to become personally involved to an important, material degree, in the investigative or deliberative processes regarding the transactions or facts in question. Thus, being the chief official in some vast office or organization does not ipso facto give that government official or employee the 'substantial responsibility' contemplated by the rule in regard to all the minutiae of facts lodged within that office. Yet it is not necessary that the public employee or official shall have personally and in a substantial manner investigated or passed upon the particular matter, for it is sufficient that he had such a heavy responsibility for the matter in question that it is unlikely he did not become personally and substantially involved in the investigative or deliberative processes regarding that matter.

ABA Comm. on Ethics and Professional Responsibility, Formal Op. 342 (1975) (footnotes omitted); *see also* ABA MODEL RULES OF PROFESSIONAL CONDUCT Terminology ¶ 10 (1983) (defining "substantial," when used in reference to degree or extent, as "a matter of clear and weighty importance").

The Court concludes that Mr. Kabatchnick's work in this case was not "substantial." His involvement was limited to reviewing (which only required him to verify the appellant's name, address, VA file number, and docket number), signing, and filing two minor pleadings. Appellant's Mem. at 4. He averred that he did not review the appellant's claims folder and had no contact regarding this case with the VA appellate attorney assigned to it at that time. In view of these relatively ministerial duties, neither 18 U.S.C. § 207(a) nor MODEL RULE 1.11(a) compels Mr. Kabatchnick's disqualification from representing the appellant before the Court.

By way of contrast, had Mr. Kabatchnick been responsible for the designation of the record on appeal, his involvement in this matter on the Secretary's behalf in fact and in law would have been "substantial," and thus would have compelled his disqualification from representing the appellant. The

designation of the record on appeal is a very important step in the process of preparing a case for this Court's review. It requires a thorough review of a veteran's VA claims file and the exercise of legal judgment to ensure that all documents relevant to the claim or claims currently before the Court are included. Indeed, Mr. Kabatchnick expressly noted in his memorandum:

> [I]t is significant to note that [another attorney] filed the designation of record on appeal, which takes an [sic] significant amount of time to assemble, just three days after the filing of the BVA transmittal in this case. Clearly this indicates that [that attorney], not counsel, was the appellate attorney assigned to handle the *Kelly* case.

Appellant's Mem. at 3.

### III.

In his sworn declaration, Professor Wolfram also expresses his personal view that MODEL RULE 1.9(a) does not apply to former government attorneys. He posits that conflicts involving former government attorneys are the exclusive province of MODEL RULE 1.11(a), *see* part II *supra.* Alternatively, he urges that even if it is deemed applicable to former government attorneys, MODEL RULE 1.9(a) does not "impose[ ] former-client definitional standards on a former government lawyer that are in addition to and greater than those explicitly imposed by Rule 1.11(a)." Wolfram Decl. at 6. Finally, he concludes that, in his view, Mr. Kabatchnick would not be required to obtain consent from the Secretary to continue to represent the appellant because his low-level involvement in the matter as an attorney for the Secretary did not amount to "representation," so that MODEL RULE 1.9(a) does not apply. Decl. at 8–9.

The Secretary, on the other hand, contends that MODEL RULE 1.9(a) does apply in this case, and that his consent is necessary so that Mr. Kabatchnick may continue to represent the appellant. Secretary's Mem. at 8–13. Hence, attached to the Secretary's memorandum was a copy of a February 20, 1996, letter from the VA General Counsel, on behalf of the Secretary, to Mr. Kabatchnick, consenting to his representation of the appellant, although, it should be noted, the consent was limited specifically to this case. *See* 38 C.F.R. § 14.500(a) (1995) (VA General Counsel is responsible to the Secretary for "[a]ll litigation arising in, or out of, the activities of the Department of Veterans Affairs or involving any employee thereof in his or her official capacity").

Facially, it is difficult to reconcile Professor Wolfram's views with the clear and all-encompassing language of MODEL RULE 1.9(a). However, the Court need not decide whether or not MODEL RULE 1.9(a) applies to this matter because, even if it does apply, the Secretary has already consented to Mr. Kabatchnick's representation of the appellant.

### IV.

Accordingly, Mr. Kabatchnick may continue to represent the appellant in this matter. The case will now revert to the single judge for resolution of the merits of the appeal.