**Roy L. VIOLET, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–742.**

United States Court of Veterans Appeals.

Nov. 26, 1996.

Craig M. Kabatchnick, Washington, DC, was on the pleadings for the appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and David W. Engel, Deputy Assistant General Counsel, Washington, DC, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

NEBEKER, Chief Judge, filed the opinion of the Court. STEINBERG, Judge, filed a separate opinion, concurring in part and dissenting in part.

NEBEKER, Chief Judge:

This matter is before the Court on the Secretary's motion to disqualify counsel for the appellant, Craig M. Kabatchnick. The Secretary argues that Mr. Kabatchnick has a conflict of interest because he initially appeared in this case on behalf of the Secretary. The Court will grant the Secretary's motion.

## I.

On September 2, 1994, the pro se appellant, Roy L. Violet, filed a Notice of Appeal from an August 9, 1994, decision of the Board of Veterans' Appeals (Board or BVA), which had denied his claim for service connection for a stomach disorder. On October 6, 1994, in response to a Notice of Docketing from this Court, the Secretary filed and served on the appellant a document styled "Transmittal of Copy of Board of Veterans' Appeals Decision." This document was signed by Mr. Kabatchnick, who was at that time employed by VA as an Associate Special Assistant to the Assistant General Counsel. His signature was followed by the address and phone number for the Office of the General Counsel, and the designation, "Counsel for the Secretary of Veterans Affairs." Subsequently, Mr. Kabatchnick resigned from his position with VA and accepted private employment with a law firm.

On January 12, 1995, Jacqueline A. White began representing the appellant on a pro bono basis through the Veterans Consortium Pro Bono Program, which provides representation to veterans before this Court. She later filed a motion to withdraw from the case, and her motion was granted by the Court. Attached to the motion was a letter from Ms. White to the appellant, stating that the Veterans Consortium had located an experienced attorney, Mr. Kabatchnick, who had agreed to provide him with continued pro bono representation. The letter also stated, "Mr. Kabatchnick formerly was a senior attorney with 'Group 7.' He has significant experience in veterans' litigation and has handled hundreds of veterans' cases. I am confident that Mr. Kabatchnick will do an excellent job given his wealth of experience in the area of veterans law." (The term "Group 7" identifies those individuals within the Office of the General Counsel who handle appeals before this Court.) On April 13, 1995, Mr. Kabatchnick entered his appearance on behalf of the appellant.

The Secretary has moved that the Court disqualify Mr. Kabatchnick in this case. A declaration by the VA General Counsel, supporting the motion, states that the Secretary has specifically withheld his consent to Mr. Kabatchnick's representation of the appellant in this case. In support of his opposition to the motion to disqualify, the appellant has filed a declaration by Charles W. Wolfram, the Charles Frank Reavis Sr. Professor of Law at Cornell Law School.

## II.

In the oft-cited case, *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F.Supp. 265 (S.D.N.Y.1953), the U.S. District Court summarized the duties owed to a former client:

A lawyer's duty of absolute loyalty to his client's interests does not end with his retainer. He is enjoined for all time, except as he may be released by law, from

disclosing matters revealed to him by reason of the confidential relationship. Related to this principle is the rule that where any substantial relationship can be shown between the subject matter of the former representation and that of a subsequent adverse representation, the latter will be prohibited.

. . . .

[T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.

*Id.* at 268–69 (footnote omitted).

Rule 1.9(a) of the ABA MODEL RULES OF PROFESSIONAL CONDUCT (MODEL RULES) incorporates the approach to former client conflicts expressed in *T.C. Theatre Corp.* The Rule provides:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Rule 1.9(a); *see also* U.S. VET.APP.R.ADMIS. & PRAC. 1(b) (adopting MODEL RULES as applicable to conduct of persons admitted to practice before this Court). Additionally, with respect to successive government and private employment, Rule 1.11(a) of the MODEL RULES states, in part, "Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation." *See* 18 U.S.C. § 207(a)(1).

In *Kelly v. Brown,* 9 Vet.App. 37 (1996), a case which also involved Mr. Kabatchnick's representation of a veteran, the Court addressed a similar factual situation to that presented here. In that case, during his employment as an attorney with VA, Mr. Kabatchnick had signed and filed (1) a motion for an extension of time to transmit a copy of a Board decision and (2) a transmittal of a Board decision. Thereafter, he entered his appearance as pro bono counsel for Mr. Kelly. Significantly, in *Kelly,* the Secretary waived any objection to Mr. Kabatchnick's representation based on the unique facts of that case. The Court held that disqualification was not warranted because his "relatively ministerial duties" on behalf of the Secretary did not rise to the level of "substantial" participation within the meaning of either Rule 1.11(a) or 18 U.S.C. § 207(a)(1). *See Kelly,* 9 Vet.App. at 39. In view of the Secretary's waiver, the Court did not address the question whether Rule 1.9(a) applies to former government lawyers. That question is now before us.

■ It is contended that Rule 1.9(a) does not apply to former government lawyers. In his declaration, Professor Wolfram states, "The policies of protecting both the integrity of governmental processes and the interests of the government in confidentiality and loyalty as a former client are fully and adequately addressed in Rule 1.11, making resort to Rule 1.9(a) unnecessary." Wolfram Declaration at 6. The Court is not persuaded by this analysis. Consideration of the plain language of Rule 1.9(a) supports the conclusion that the Rule applies to any lawyer who attempts to oppose a former client in a matter that is substantially related to the subject of the prior representation. By contrast, Rule 1.11(a) addresses different concerns that arise as a result of the "revolving door" between government service and private employment, and may be applied even where the former government lawyer did not "represent" the government or where the proposed private employment furthers government interests. *See* 1 GEOFFREY C. HAZARD, JR. & W. WILLIAM HODES, THE LAW

OF LAWYERING § 1.11:201, at 354 (2d ed. Supp.1991) ("Of course, if the [former government] lawyer contemplates opposing the government in a related matter, Rule 1.9 would be applicable instead [of Rule 1.11]."); *see also Park–N–Shop, Ltd. v. City of Highwood,* 864 F.Supp. 82, 84 (N.D.Ill.1994) (concluding that, under Illinois equivalent of Rule 1.9(a), lawyer who formerly sat on city council would not be disqualified in suit against city where he had never appeared as attorney for city in substantially related matter). Comments to the MODEL RULES support the view that both Rule 1.9(a) and Rule 1.11(a) apply to former government lawyers. *See, e.g.,* Rule 1.9 cmt. 1 ("So also a lawyer who has prosecuted an accused person could not properly represent the accused in a subsequent civil action against the government concerning the same transaction."). Based on the foregoing discussion, the Court holds that Rule 1.9(a) applies to the conduct of former government lawyers.

█ It is next contended that Mr. Kabatchnick's involvement in this case on behalf of the Secretary was so minor that it did not constitute representation within the meaning of Rule 1.9(a). Pursuant to the Rules of Practice and Procedure applicable to this Court:

> No attorney ... may participate in any proceedings in any case unless that individual has entered an appearance. The signing of a pleading or motion, or the physical appearance at oral argument, by an attorney ... constitutes an appearance by that individual as the representative in the case. The appearance must be accompanied by filing and service on all parties of a written statement that the representative is representing a designated client or clients, giving the name, address, and telephone number of the representative, and signed by him or her.

U.S.VET.APP.R. 46(d)(1). The Court holds that Mr. Kabatchnick entered his appearance as an attorney for the Secretary when he participated in these proceedings by signing and filing the transmittal of the Board decision. Although he was later replaced by other government counsel, this does not alter the fact that he initially represented the Secretary in the same case where he now seeks to oppose the Secretary. Thus, pursuant to Rule 1.9(a), the Secretary's refusal to consent to the subsequent adverse representation is dispositive. Consistent with the views expressed in *T.C. Theatre Corp., supra,* the Court will not inquire as to the basis for that refusal. *Cf. Telectronics Proprietary Ltd. v. Medtronic Inc.,* 836 F.2d 1332, 1339 (Fed.Cir. 1988) (stating that assumption of disclosure of confidences might well be valid where there was previously existing attorney-client relationship).

### III.

Accordingly, Mr. Kabatchnick is disqualified from representing the appellant in this matter. The proceedings on appeal will be stayed for a period of 30 days after the date of this opinion so that the appellant may seek other counsel. The Secretary's request for oral argument is denied because the Court does not believe that it would materially assist in the disposition of this appeal. The Court also denies the Secretary's motion to consolidate this matter with four other cases where Mr. Kabatchnick has entered an appearance.

It is so ORDERED.

STEINBERG, Judge, concurring in part and dissenting in part:

I join in Part II of the Court's opinion except for the last paragraph that concludes that Mr. Kabatchnick's activity on behalf of the Secretary in this case constituted "representation" within the meaning of Rule 1.9(a) of the MODEL RULES. Hence, I dissent from the Court's order disqualifying Mr. Kabatchnick from representing the appellant in this case.

In the purest sense of "agency" law, Mr. Kabatchnick was clearly acting on behalf of the Secretary. However, in *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 370 F.Supp. 581 (E.D.N.Y.1973), *aff'd,* 518 F.2d 751 (2d Cir.1975), the court suggested that "representation" requires more than ministerial involvement with a case. Although that case was not dealing with the MODEL RULES, the court there concluded that "there is reason to differentiate for disqualification pur-

poses between lawyers who become heavily involved in the facts of a particular matter and those who enter briefly on the periphery for a limited and specific purpose related solely to legal questions." 518 F.2d at 756. The court held that in "the latter circumstances the attorney's role cannot be considered 'representation'...." *Id.* at 757. On that basis, I would read "representation" in Rule 1.9(a) as requiring more than "acting on behalf" and would hold that merely signing and reviewing for accuracy the transmittal of the BVA decision is peripheral activity and not "representation".

Indeed, such a construction is supported by comments to the MODEL RULES that suggest that Rule 1.9 is specifically constructed to prevent representation that gives rise to conflicts of interest or violations of confidentiality. Comment 2 to Rule 1.9 explains: "The underlying question [of the application of this rule] is whether the lawyer *was so involved in the matter* that the subsequent representation can be justly regarded as a changing of sides in the matter in question." (Emphasis added.) Even more important, comment 5 to Rule 1.10, the general rule covering imputed disqualification, notes:

> The government is entitled to protection of its client confidences, and therefore to the protections provided in Rules ... 1.9(a) and (c), and 1.11. However, if the more extensive disqualification in Rule 1.9(b) were applied to former government lawyers, the potential effect on the government would be unduly burdensome. The government deals with all private citizens and organizations, and thus has a much wider circle of adverse legal interests than does any private law firm. In these circumstances, the government's recruitment of lawyers would be seriously impaired if Rule 1.9(b) were applied to the government. On balance, therefore, the government is better served in the long run by the protections stated in Rule 1.11.

This comment thus bases the application of Rule 1.9(a) to government attorneys precisely upon the government's right to preserve client confidences. Where, as here, the attorney's involvement on behalf of the U.S. government was so peripheral that there is no violation of confidentiality or even an appearance of conflict, I would find that Rule 1.9(a) does not apply to the former government attorney.

Additionally, I believe that we are bound to construe "represented" in a manner consistent with the Supreme Court's reaffirmance in *Brown v. Gardner* that statutory language depends upon context. *Gardner,* 513 U.S. 115, ——, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994). In this circumstance, we are not considering the compromising of confidential information, which may give rise to a violation under Rule 1.6. Nor are we considering the mere appearance of impropriety, which comment 5 to Rule 1.9 specifically removes from the ambit of the Model Rules. Because Rule 1.11, on its face, appears to provide a complete standard by which to judge the activities of former government attorneys, Rule 1.9(a), when applied to former government attorneys, should be construed in a manner consistent with the comments that limit its application to instances of actual—and not merely apparent—conflicts of interest.

Finally, given the federal government's interest expressed in comment 5 to Rule 1.10, above (regarding not stifling the recruitment of attorneys for federal employment), and given the close interpretive question involved and the Court's enormous pro se rate, I believe we should construe "representation" in Rule 1.9(a) to avoid disqualification if we are satisfied that there is no question on a case's particular facts of an actual conflict of interest in terms of any substantive work by an attorney on both sides and no possibility of compromise of the Secretary's confidential information.

For the foregoing reasons, I respectfully dissent.