# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-0607(E)

George H. Sperry, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued April 29, 2010                                                    Decided July 27, 2010)

*Kenneth M. Carpenter*, of Topeka, Kansas, with whom *Jenny Y. Twyford*, of Waterford, Virginia, was on the application for the appellant.

*Nathan Paul Kirschner*, with whom *David L. Quinn*, Deputy Assistant General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Will A. Gunn*, General Counsel, were on the response, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and DAVIS, *Judges*.

DAVIS, *Judge*: Before the Court is George H. Sperry's May 16, 2009, application for an award of $12,938.64 in attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Because Attorney Michael A. Leonard's representation of Mr. Sperry did not violate Model Rule of Professional Conduct (Model Rule) 1.9(a) or 1.11, and because Attorney Jenny Y. Twyford's representation was neither wholly unproductive nor duplicative, Mr. Sperry's EAJA application will be granted in part.

## I. FACTUAL BACKGROUND

Attorney Leonard was a deputy assistant general counsel at VA in October 2001 when he signed an unopposed motion to remand Mr. Sperry's post-traumatic stress disorder (PTSD) claim, the denial of which was on appeal to the Court. The remand was based on the Court's opinion in

*Holliday v. Principi*, which held that 38 U.S.C. § 5103(a), like "all provisions of the [Veterans Claims Assistance Act] VCAA are potentially applicable to the appellant's claims." 14 Vet.App. 280, 290 (2001). Between October 2000 and September 2001, the Court remanded 2,910 cases to the Board–a three-fold increase over cases remanded in the prior fiscal year. 2001 REP. CHAIRMAN BOARD VETERANS' APPEALS 6; *see also* U.S. CT. APPEALS FOR VETERANS CLAIMS ANN. REP. (reporting 1,724 cases remanded to the Board in fiscal year 2001).

There is no dispute that in 2003, Attorney Leonard left his employment with VA General Counsel and became a private practitioner. In March 2007, Mr. Sperry hired Attorney Leonard to represent him in his appeal of a VA denial of his PTSD claim. Attorney Leonard entered his appearance with the Court on April 2, 2007. As part of his representation, in August 2007 Attorney Leonard signed a statement in lieu of counterdesignation of record. That record contained the October 2001 unopposed motion for remand of Mr. Sperry's case, which Attorney Leonard signed in his capacity as a supervisory VA attorney. In January 2008, Attorney Leonard submitted a brief on behalf of Mr. Sperry that referred to the October 2001 motion as part of the procedural history.

In April 2008, the parties submitted a joint motion to stay the proceedings. They averred: "The parties are currently attempting to resolve a potential conflict of interest in this case." Joint Motion for Stay at 1. Subsequently, on April 28, 2010, Attorney Leonard moved to be permitted to withdraw as counsel. The motion also informed the Court that Attorney Twyford would be filing a notice of appearance on behalf of Mr. Sperry in the case, which she did on April 30, 2008. The Secretary filed his brief on May 8, 2008. Attorney Twyford did not file a reply brief.

On January 30, 2009, the Court reversed in part and set aside in part the February 12, 2007, decision of the Board of Veterans' Appeals (Board) regarding Mr. Sperry's claim for an increased rating for his service-connected PTSD, remanding the matter to the Board for further adjudication. On May 16, 2009, Attorney Twyford filed an application for attorney fees under EAJA on behalf of Mr. Sperry. The application included statements of work from Attorney Twyford and Attorney Leonard. The Secretary filed a response, objecting to Attorney Twyford's billing for work as unproductive and duplicative, and to Attorney Leonard's work as unreasonable because his representation of Mr. Sperry was a conflict of interest and violated Model Rule 1.9(a). In reply, Mr. Sperry argues that Attorney Twyford's work represented a "sensible course of action in light of the

2

situation" and of her ethical and legal obligations (Appellant's Reply at 6), and that Attorney Leonard's work was not in violation of Rule 1.9(a), as there had been no showing of any actual conflict of interest.

The issue presented is whether a private attorney, who was previously a supervisory attorney at VA, violated Model Rule 1.9(a) or 1.11 when he represented a veteran in 2007 after signing in his supervisory capacity an unopposed motion for remand in the same case as counsel for the Secretary in 2001. We hold that, where a VA attorney in a veteran's appeal to this Court signed an unopposed motion for remand based on VCAA notice and six years later represented that veteran before VA and the Court on the same underlying issue, there is no personal and substantial involvement sufficient to establish a violation of Model Rule 1.11. The Court also holds that Model Rule 1.11, rather than the 2002 version of Model Rule 1.9(a), applies to former Government attorneys.

## II. ANALYSIS

Initially, the Court must address the timing of the Secretary's allegation that Attorney Leonard's representation of Mr. Sperry violated Model Rule 1.9(a). Mr. Sperry argues that the Court should follow *Perry v. West,* 11 Vet.App. 319 (1998), and decline to address the disqualification issue because the Secretary did not seek disqualification of Attorney Leonard before the Court, but instead only objected to his representation in a response to an EAJA application.

In *Perry*, a former VA attorney argued that the Secretary had not sought the attorney's disqualification in a case in which he had previously participated as counsel for VA and therefore the Secretary had "impliedly waived any conflict," *id.* at 323, when he instead should have addressed disqualification in a timely manner. The attorney, in his capacity as a supervisory VA attorney, signed the transmittal of the Board decision in veteran Anthony Perry's appeal in November 1994. *Id.* at 322. The attorney subsequently entered into private practice and in June 1995 entered an appearance before the Court on behalf of Mr. Perry as pro bono counsel. *Id.* at 321. The following year, after the Court ruled on Mr. Perry's appeal, the Secretary included a footnote in a separate case informing the Court that he would file an objection to the attorney's EAJA application in Mr. Perry's case if he were to file one–presumably because of an alleged conflict of interest. Two months later, the attorney filed an EAJA application. The Secretary filed his response to the EAJA application

3

but did not object to the attorney's representation. Ten months later, the attorney filed a motion to withdraw as counsel. The Court, in its decision regarding the EAJA application, noted that "the Secretary has never sought disqualification of [the attorney] in the instant matter. Because the Secretary has not objected to [the attorney's] representation–let alone done so in a timely manner–the Court declines to address the disqualification issue any further." *Id.* at 325.

Here, unlike in *Perry*, the Secretary objected to Attorney Leonard representing Mr. Sperry. While the Secretary perhaps should have objected earlier in the proceedings–such as when the parties identified a potential conflict of interest or when Attorney Leonard voluntarily withdrew as counsel without indicating that the parties had discussed a potential conflict–the Secretary did raise an objection to this Court in his response to Mr. Sperry's EAJA application. Consequently, the issue is now directly before the Court.

## A. *Violet v. Brown*

In his response to the EAJA application, the Secretary argues that Attorney Leonard's representation was unreasonable because it was in violation of Model Rule 1.9(a). The Secretary bases his argument on the Court's holding in *Violet v. Brown,* 9 Vet.App. 530 (1996), that Model Rule 1.9(a) applies to former Government attorneys.

In *Violet*, the Court considered the Secretary's motion to disqualify Roy Violet's attorney–who was also Mr. Perry's attorney–from representing him. The Court examined the language of Model Rule 1.9(a), which then stated:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

MODEL RULES OF PROF'L CONDUCT R. 1.9(a) (1996). The Court also considered the language of Model Rule 1.11, noting that it then stated in part: "Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation." MODEL RULES OF PROF'L CONDUCT R. 1.11 (1996). The Court reasoned:

4

> Consideration of the plain language of Rule 1.9(a) supports the conclusion that the Rule applies to any lawyer who attempts to oppose a former client in a matter that is substantially related to the subject of the prior representation. . . . Comments to the MODEL RULES support the view that both Rule 1.9(a) and Rule 1.11(a) apply to former government lawyers. Based on the foregoing discussion, the Court holds that Rule 1.9(a) applies to the conduct of former government lawyers.

*Violet,* 9 Vet.App. at 532-33.

After holding that Model Rule 1.9(a) applied, the *Violet* Court next looked to the facts of the case. While at VA, the attorney had signed and filed the transmittal of the Board decision in Mr. Violet's appeal. The Court noted that Rule 46(d)(1) of the Court's Rules of Practice and Procedure stated: "No attorney . . . may participate in any proceedings in any case unless that individual has entered an appearance. The signing of a pleading or motion by an attorney . . . constitutes an appearance by that individual as the representative in the case." U.S. VET. APP. R. 46(d)(1). The Court therefore held that the attorney entered his appearance for the Secretary when he signed and filed the transmittal of the Board decision. Further, the Court noted that the attorney was now seeking to represent the veteran as a private attorney in the same case in which he had previously represented the Secretary. In light of Model Rule 1.9(a), the Court found that the attorney was disqualified from representing Mr. Violet, noting that it was dispositive that the Secretary refused to consent to the attorney's representation of Mr. Violet.

## B. Application of New Rules

If the rules governing *Violet* had remained static, then the Secretary could have rightly concluded that in this matter the Court would follow its precedent. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992). However, the rules the Court applied in reaching its decision in *Violet*–both this Court's Rules of Practice and Procedure and the Model Rules–have changed in key respects.

First, Rule 46(d) changed in 1999. Now, in order to appear as a representative of a party, a practitioner must file a written notice of appearance with the Clerk of Court. U.S. VET. APP. R. 46(d)(2). Attorney Leonard did not file a written notice of appearance with the Clerk in Mr. Sperry's appeal while at VA.

Further, Model Rule 1.11 and its interaction with Model Rule 1.9(a) has changed.  In 1997, the American Bar Association (ABA) issued Formal Ethics Opinion 97-409, which addresses these provisions.  In it, the ABA Committee on Ethics and Professional Responsibility stated: "The Committee concludes that Rule 1.11 alone determines the conflict of interest obligations of a former government lawyer, and that the provisions of Rule 1.9(a) and (b) do not apply."  ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 97-409 (1997).  In 2002, the ABA issued revised versions of the Model Rules.  The 2002 version of Model Rule 1.11, which is currently in effect, reads:

> (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
>> (1) is subject to Rule 1.9(c);[1] and
>> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.

MODEL RULES OF PROF'L CONDUCT R. 1.11 (2002).  In 2002, the ABA also amended Comment 1 of Model Rule 1.9 to state: "Current and former government lawyers must comply with this Rule to the extent required by Rule 1.11."  MODEL RULES OF PROF'L CONDUCT R. 1.9 cmt. 1 (2002).

In light of the changes reflected in the 2002 Model Rules, we hold that Model Rule 1.9(a) is not applicable to former Government attorneys.  Thus, the question is whether Attorney Leonard has violated Model Rule 1.11 by personally and substantially representing Mr. Sperry.

The Secretary argues only that Attorney Leonard signed a joint motion for remand, which was based on VCAA notice and the Court's decision in *Holliday v. Principi*.  He does not allege any further involvement with Mr. Sperry's appeal.  Nor does he allege that Mr. Leonard was the lead attorney for VA on the case, and the record reflects that he was not.  Record (R). at 513.  As stated above, VA prepared between 1,724 and 2,910 motions for VCAA remands in 2000-2001.  The

---

[1] Model Rule 1.9(c) states:

A lawyer who has represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

MODEL RULES OF PROF'L CONDUCT R. 1.9 (2010).

6

motion Attorney Leonard signed in relation to Mr. Sperry's case contains only one sentence that references any factual element of Mr. Sperry's claim. The first sentence of the motion states that Mr. Sperry was appealing a Board decision related to his disability rating for PTSD, but nothing else in the motion relates to the content of his appeal. In other words, the joint motion for remand appears to be largely ministerial in nature. *See Kelly v. Brown,* 9 Vet.App. 37, 39 (1996) (stating that a VA attorney's reviewing, signing, and filing two minor pleadings are "relatively ministerial duties" and therefore do not compel disqualification under Model Rule 1.11). The Court does not classify this relatively ministerial duty of signing a motion for remand based solely on VCAA notice as personal and substantial participation sufficient to violate Model Rule 1.11. Attorney Leonard's signature on this particular motion for remand represents a relatively ministerial act only in this context because it was one of a great number of routine VCAA notice remands in 2000-2001. The Court also notes that six years passed between the time Attorney Leonard signed the joint motion for remand and the time he began representing Mr. Sperry as a private attorney. *See Wieme v. Eastman Kodak Co.,* No. 02-CV-6021L, 02-CV-6212L, 2004 WL 2271402, at *6 (W.D.N.Y. Sept. 7, 2004) (noting that where "the prior representations at issue [were] completed years before the relevant events in this action occurred," temporal distance "has some bearing on whether counsel was likely to have obtained *relevant* confidential information during the course of the prior representation that affects current litigation" and therefore the court could weigh the passage of time against disqualification). As the Secretary does not allege that Attorney Leonard participated in Mr. Sperry's appeal in an other-than-ministerial way while he was employed at VA, the Court cannot conclude that Attorney Leonard's involvement with Mr. Sperry's appeal while at VA was personal and substantial. Consequently, Attorney Leonard's representation of Mr. Sperry was not in violation of Model Rule 1.11.

### C. Award of Fees

To establish eligibility for an EAJA award, an appellant's application must be filed within 30 days after final judgment and contain (1) a showing that the appellant is a prevailing party, (2) an assertion that the appellant's net worth does not exceed $2,000,000, (3) an allegation that the Secretary's position was not substantially justified, and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Owens v. Brown*, 10 Vet.App. 65, 66 (1997). The Secretary contests neither Mr.

7

Sperry's eligibility for an EAJA award nor the hourly rate requested. He does, however, contest the reasonableness of certain fees.

"The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West*, 11 Vet.App. 497, 501 (1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) and *Vidal v. Brown*, 8 Vet.App. 488, 493 (1996)). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). In determining reasonableness, the Court will consider whether the hours claimed were (1) unreasonable on their face; (2) otherwise contraindicated by the factors for determining reasonableness itemized in *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997); or (3) persuasively opposed by the Secretary. *See McCormick v. Principi*, 16 Vet.App. 407, 413 (2002).

### 1. Attorney Leonard

Mr. Sperry requests $8,554.74 for 51 hours of work by Attorney Leonard. The Secretary's only dispute with Attorney Leonard's statement of work is with respect to a conflict of interest, which the Court has addressed and rejected. The Court's review of the EAJA application with respect to Attorney Leonard's work reveals that the entries are appropriate, detailed, well-documented, and reflective of the proper exercise of billing judgment. *See generally Baldridge v. Nicholson,* 19 Vet.App. 227 (2005). The Court therefore grants the application with respect to Attorney Leonard in full.

### 2. Attorney Twyford

Mr. Sperry requests $4,383.90 for 24.8 hours of work by Attorney Twyford. The Secretary argues that Attorney Twyford's hours are unreasonable on their face and, alternatively, that her requested fees should be reduced because "she provided no 'distinct contribution.'" Secretary's Response at 11. Attorney Twyford responds that her work was "necessary and essential for carrying on the representation of the Veteran before this Court after Attorney Leonard withdrew from the case." Appellant's Reply at 7. In light of the difficult position Mr. Sperry faced after Attorney Leonard's withdrawal, which was caused at least in part by the Secretary's refusal to consent to his representation of Mr. Sperry, the Court determines that Attorney Twyford's hours are not unreasonable on their face. Rather, considering the Secretary's allegation that Mr. Sperry's first attorney had performed his work in violation of an ethical rule, it was incumbent upon Attorney

8

Twyford to exercise heightened diligence in her representation of Mr. Sperry. *See* MODEL RULES OF PROF'L CONDUCT R. 1.1 and 1.3 (2002) (establishing rules for ethical behavior for attorneys regarding competence and diligence).

Despite the Secretary's arguments, the Court does not find unreasonable Attorney Twyford's 8.3 hours to review an 844-page record or her 2.4 hours to review a 20-page Board decision. The Court does find it unreasonable to bill 1.6 hours to prepare a client letter and representation agreement. The Court will therefore reduce the EAJA award by one hour. Mr. Sperry is awarded 23.8 hours for Attorney Twyford's work, for a total of $4,207.13.

## III. CONCLUSION

On consideration of the foregoing, the May 16, 2009, EAJA application is GRANTED IN PART in the amount of $12,761.87.

9