Citation Nr: 1331552 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 07-19 630 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for a skin disorder to include dermatitis. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel


INTRODUCTION

The appellant had active military service from August to November 1980, and had verified active service from November 1990 to April 1991 and February to November 2003.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a July 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico.

In November 2011, the Board remanded the appeal for a Travel Board hearing. In March 2012, the appellant testified during a hearing at the RO before a Veterans Law Judge (VLJ). Unfortunately, a written transcript of this hearing could not be created from the hearing audio tape. In a May 2012 letter, the appellant was offered the opportunity to testify during another hearing, but failed to respond to this offer.

In a September 2012 decision, the Board granted service connection for tinnitus and an acquired psychiatric disorder and denied his claim for an increased initial rating for degenerative disc disease with lumbosacral strain myositis and spondylosis of the lumbosacral spine. At that time, the Board remanded the issue of service connection for a skin disorder for further development. 


FINDINGS OF FACT

1. During the appellant's first two periods of active duty service, he was not treated for or diagnosed with any type of skin disorder, to include dermatitis.

2. A skin disorder was not noted at entrance to the appellant's third period of service. 

3. The appellant's skin disorder clearly and unmistakably pre-existed his third period of service and clearly and unmistakably was not aggravated during his third period of service. 


CONCLUSION OF LAW

A skin disorder, to include dermatitis, was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1111, 1131, 1153, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.306 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002 & Supp. 2012); 38 C.F.R. § 3.159(b) (2013); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) must ask the claimant to provide any evidence in his possession that pertains to the claim in accordance with 38 C.F.R. § 3.159(b)(1). VCAA notice should be provided to a claimant before the initial unfavorable rating decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F. 3d 1328 (Fed. Cir. 2006).

The Board finds that VA has substantially satisfied the duties to notify and assist, as required by the VCAA. The record indicates that the appellant was provided notice in miscellaneous letters sent to him from the RO over the course of this appeal. These letters informed the appellant that VA would assist him in obtaining any documents that it was made aware thereof that would assist in the decision-making process of the claim. He was further told that he could proffer any documents or statements in support of his claim, and that all items would be considered when a decision on the merits of his claim was made. He was also informed how a disability rating is determined and the basis for determining an effective date upon the grant of any benefit sought, in compliance with the holding in Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

All that the law requires is that the duty to notify is satisfied and that claimants are given the opportunity to submit information and evidence in support of their claims. Once this has been accomplished, all due process concerns have been satisfied. See Bernard v. Brown, 4 Vet. App. 384 (1993); Sutton v. Brown, 9 Vet. App. 533 (1996); see also 38 C.F.R. § 20.1102 (2013) (harmless error). In view of the foregoing, the Board finds that the appellant was notified and aware of the evidence needed to substantiate his claim, as well as the avenues through which he might obtain such evidence, and of the allocation of responsibilities between himself and VA in obtaining such evidence. Accordingly, there is no further duty to notify.

VA also fulfilled its duty to assist. In this instance, VA obtained the appellant's available medical treatment records, including requesting any treatment records from the facilities the appellant had been treated by, and those other records that VA was made aware thereof. Given the foregoing, the Board finds that VA has substantially complied with the duty to procure the necessary medical and other records.

Additionally, VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2002 & Supp. 2012). 

The appellant has undergone three VA examinations with respect to his current skin disorder, and those examination results are of record. Together the examination reports provided an accurate history of the appellant's condition. More importantly, the opinions provided were well supported by a rationale. As such, the Board finds that the examinations are adequate for the Board to render an informed decision. Barr v. Nicholson, 21 Vet. App. 303, 311 (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim). Given the foregoing, the Board finds that the VA has complied with the duty to obtain the requisite medical information necessary to make a decision on the appellant's claim. 

Additionally, in pertinent part, the Board's two previous remands were accomplished so that examinations of the appellant could be accomplished and opinions obtained that reflected consideration of the entire record. The record shows that the most recent examinations were accomplished in December 2012 and then in May 2013. Upon review of those examination results taken together, the Board finds that there was substantial compliance with the remand instructions. The Board notes that the United States Court of Appeals for Veterans Claims, hereinafter the Court, has concluded that "only substantial compliance with the terms of the Board's engagement letter would be required, not strict compliance." D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). As such, further processing of the appellant's claim may continue. 

As there is no indication that any failure on the part of VA to provide additional notice or assistance that reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Newhouse v. Nicholson, 497 F.3d 1298 (Fed. Cir. 2007). Importantly, the Board notes that the appellant is represented in this appeal and over the course of the appeal, the accredited representative has submitted argument on behalf of the appellant. See Overton v. Nicholson, 20 Vet. App. 427, 438 (2006). Moreover, the appellant has submitted argument and evidence in support of the appeal. Based on the foregoing, the Board finds that the appellant has had a meaningful opportunity to participate in the adjudication of his claims such that the essential fairness of the adjudication is not affected.

II. Governing Law and Regulations

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110, 1131 (West 2002). Service connection may be granted for any disease diagnosed after discharge, when all of the evidence establishes that the disease was incurred in service. See 38 C.F.R. § 3.303(d) (2013).

In order to establish service connection for the claimed disorder, there must be evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal connection between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

A veteran will be considered to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto and was clearly and unmistakably not aggravated. See 38 U.S.C.A. §§ 1111, 1132 (West 2002); 38 C.F.R. § 3.304(b) (2013). A pre-existing injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. See 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. § 3.306 (2013).

"Clear and unmistakable evidence" is a more formidable evidentiary burden than the preponderance of the evidence standard. See Vanerson v. West, 12 Vet. App. 254, 258 (1999) (noting that the "clear and convincing" burden of proof, while a higher standard than a preponderance of the evidence, is a lower burden to satisfy than that of "clear and unmistakable evidence"). It is an "onerous" evidentiary standard, requiring that the pre-existence of a condition and the no-aggravation result be "undebatable." See Cotant v. West, 17 Vet. App. 116, 131 (2003) citing Laposky v. Brown, 4 Vet. App. 331, 334 (1993). 

To rebut the presumption of soundness, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004).

III. Facts and Discussion

The appellant has come before the Board asking that service connection be granted for a dermatological or skin disorder, to include dermatitis. The record indicates that the appellant had three different periods of service and the appellant avers that the current disorder began in or is the result of his third period of service. Alternatively, it has been suggested that the appellant had a pre-existing dermatological disorder that was aggravated by or made worse by his military service. 

The service medical treatment records show that, when examined for separation in March 1991, the appellant denied having any type of skin disease or disorder. The examination produced negative findings. Likewise, a March 1996 periodic service examination was negative for any current or past skin disorder. Additionally, the appellant admitted that he did not have any history of any type of skin disorder, disability, or disease. 

Nevertheless, when the appellant was called onto active duty in 2003, a February 2003 clinical notation indicated that the appellant had suffered from an intermittent rash for the previous two years, lasting approximately two to three weeks for which vaccine was contraindicated. In March 2003, the appellant received treatment for a body rash that was diagnosed as dermatitis. One month later, in April 2003, a clinical record noted a history of dermatitis. Because of this disorder, the health care provider recommended that the appellant not receive a small pox vaccination.

Upon receipt of this claim, the appellant was afforded a VA general medical examination. This occurred in June 2005. Prior to the examination, the appellant complained of recurrent itching on the skin of the buttocks that was relieved by topical gel. On physical examination, there was no current pathology observed or reported. The impression was of urticaria by record, with an undetermined cause. 

A review of the VA medical records indicate that in August 2004, the appellant was noted as having a history of uticaria. A skin lesion was also observed and skin tags were present involving his thorax and genital regions. Another record, from November 2005, showed that the appellant sought VA treatment for a skin lesion along the left thigh that appeared to arise following a course of antibiotics. 

The examination report and the appellant's medical records were reviewed by the RO. Subsequent to that review, in July 2006, the RO concluded that the appellant had a skin disorder that existed prior to his entrance onto active duty in February 2003. The RO further noted that VA medical records (during 2001 and 2002) showed that the appellant had been seen on several occasions for treatment of a recurrent rash involving various regions of his body, including his face, buttocks, and legs. Diagnoses from that period included seborrheic dermatitis (in January 2001) and neurodermatitis (in September 2001), for which medication was prescribed. In February and December 2002, he continued to complain of an intermittent rash with itchiness.

In December 2012, the appellant underwent another VA examination to determine if he had a skin disorder that was incurred in, or aggravated by, a period of active service. The examiner concluded that the claimed skin disorder was less likely than not "incurred in or caused by in-service injury, event, or illness." 

Another examination report from May 2013 provided additional explanation as to the etiology of the appellant's skin disorder. The examiner wrote the following:

The claimed condition, which clearly and unmistakably existed prior to service, was clearly and unmistakably not aggravated beyond its natural progression by an in-service injury, event, or illness. 

It was also noted that the skin disorder did not undergo a permanent increase in severity during active duty. 

There is no additional medical information contained in the claims folder concerning the etiology of the appellant's current skin disorder. That is, with exception for the above referenced VA examination reports, there is no other medical opinion of record that addresses the etiology of the appellant's dermatological disorder. 

As noted, veterans are presumed to have entered service in sound condition as to their health except for disorders noted at entrance. An examination was not conducted when the appellant entered service; thus, the presumption of soundness does not attach. See Smith v. Shinseki, 24 Vet. App. 40, 45 (2010) (citing Crowe v. Brown, 7 Vet. App. 238, 245 (1994)) (holding that the presumption of sound condition "attaches only where there has been an induction examination in which the later-complained-of disability was not detected" (citing Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991))). Indeed, in February 2013, it was noted that the appellant had suffered from an intermittent rash for the previous two years. Thus, the Board finds that the Veteran's skin rashes pre-existed his last period of service.

The record indicates that when the appellant was preparing to be activated and deployed overseas in March 2003, he underwent a medical assessment as part of a "Medical and Dental Preparation for Overseas Movement." The appellant was sent for a dermatology consult at which time dermatitis was diagnosed. 

In various statements in support of his claim, the appellant has suggested or asserted that even though he had a pre-existing disorder, the condition was aggravated by or made worse through his service in the military. Yet, despite the appellant's assertions, the medical evidence does not support his suppositions. The three medical examinations that were accomplished in conjunction with this claim found that the appellant's skin disorder was not the result of his military service; it was not caused by his military service; it was not aggravated by his military service; and, it was not made worse by his military service. Taken together, the examination reports are highly probative because they are based on sound medical principles, as well as a review of the service treatment medical records, the post-service medical records, examinations of the appellant, and the appellant's uncorroborated statements. 

Although the appellant has expressed disagreement with these assessments, the appellant has not provided any type of medical documents or opinions that would show that the skin disorder worsened in service. He has not provided any medical evidence suggesting that the pre-existing skin disorder was permanently aggravated during service beyond the natural progression. Although the appellant may assert that his skin disorder was less severe prior to service, and became more severe during service, without ever returning to its pre-service level, there is no objective evidence to support a finding of permanent aggravation. 

The Board would point out that the examiners have not been equivocal, vague, or ambiguous with the assertions made and, with respect to the contrary assertions provided by the appellant. They have discussed their reasoning and have pointed to medical facts contained in the claims file to support the opinions. The examiners thoroughly reviewed the pertinent medical records, discussed the salient facts, and provided a complete rationale for all conclusions presented, as noted in the discussion above. As such, the Board attaches the most significant probative value to the examiners' opinions as they are well reasoned, detailed, and consistent with other evidence of record. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). 

In light of the foregoing, it is clear that the appellant sincerely believes that his pre-existing skin disorder was aggravated during service beyond the natural progression; however, for all the reasons noted above, the evidence of record demonstrates otherwise. Significantly, a permanent increase in severity is not shown; and, despite the appellant's assertions that his symptoms were worse immediately following service, there is no evidence of record dated during the period covered by this claim that shows a skin disability picture that is any worse than what is shown at the time of entry into service or at the time of discharge from service. More weight is accorded to the medical records than to the appellant's competent statements regarding his symptoms. Accordingly, the preponderance of the evidence is against the claim and entitlement to service connection is not warranted. 38 U.S.C.A. § 5107(b) (West 2002 & Supp. 2012), 38 C.F.R. § 4.3 (2013).


ORDER

Entitlement to service connection for a skin disorder to include dermatitis is denied. 



____________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs